CLARK HILL PLC
210 Carnegie Center Boulevard
Suite 102
Princeton, New Jersey 08540
(609) 785-2911
Attorneys for Plaintiffs,
Kevin R. Adell and Joelle Adell

| | |
|---|---|
| KEVIN R. ADELL, an Individual, and JOELLE ADELL, an Individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>**VERIFIED COMPLAINT FOR WRONGFUL LEVY SEEKING AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE WITH TEMPORARY RESTRAINTS, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND DAMAGES** |

## NATURE OF THE CASE

1.  This is an action authorized by 26 U.S.C. § 7426 as a result of a wrongful levy by the Internal Revenue Service against property owned by Kevin R. Adell and Joelle Adell (collectively "Plaintiffs") for federal taxes, not assessed against either of them, but assessed against the Estate of Franklin Z. Adell, deceased (the "Estate"). The Internal Revenue Service ("IRS") issued a Notice of Levy to Pershing LLC ("Pershing"), a New Jersey limited liability corporation, in an attempt to collect taxes due from the Estate. There is no Estate-owned property at Pershing, and Pershing and the IRS have been made aware of it. The IRS has wrongfully persisted in its attempts to levy against the account at Pershing owned by Plaintiffs. Unless restrained by this Court, Pershing has taken the position that it will liquidate assets owned by Plaintiffs and surrender the money obtained through the liquidation to the IRS. That amount is expected to be in excess of $600,000.00. The surrender of Plaintiffs' property, without due

process of law, is a violation of their constitutional and statutory rights. Plaintiffs have standing to contest the actions of the IRS under 26 U.S.C. § 7426 because they are not the taxpayers against whom the tax has been assessed, nor are they contesting the underlying assessment.

## PARTIES

2. Plaintiff Kevin R. Adell is an individual. He is a citizen of the United States of the State of Florida.

3. Plaintiff Joelle Adell is an individual. She is a citizen of the United States of the State of Florida.

4. The United States is a sovereign political entity. It includes administrative departments and agencies, including the IRS, an administrative agency of the Department of the Treasury.

## OTHER PERSONS AND ACTORS

5. Franklin Z. Adell, deceased, was the father of Plaintiff Kevin R. Adell.

6. Pershing LLC is a brokerage firm located at One Pershing Plaza, Jersey City, New Jersey. Pershing is a broker used by an investment firm, Comerica Securities ("Comerica"), where Plaintiffs have a joint account. Pershing has custody and control of investments made by Plaintiffs through Comerica.

7. **JURISDICTION AND VENUE**

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1346(e) in that this action is brought pursuant to 26 U.S.C. § 7426.

9. Venue is proper pursuant to 28 U.S.C. § 1402(c) which provides, in relevant part, as follows: "Any civil action against the United States under subsection (e) of Section 1346

[referring to suits under 26 U.S.C. § 7426] of this title may be prosecuted only in the judicial district where property is situated at the time of levy . . ."

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFFS' CLAIMS

10. Franklin Z. Adell died in 2006. His son, Kevin R. Adell, was duly appointed, and served for a period of time as personal representative of the estate of Franklin Z. Adell (the "Estate").

11. A controversy existed between the IRS and the Estate concerning the amount of estate tax due to the United States.

12. A trial was held in the United States Tax Court to determine the amount of tax due. An opinion was rendered by the United States Tax Court, but no decision (judgment) has been entered. A true and correct copy of the Tax Court opinion is attached as Exhibit 1 ("Ex. 1).

13. Plaintiffs own a personal investment account, held in joint tenancy, at Comerica Securities, Inc. The account contains no property owned by, or due to, the Estate.

14. Comerica provides investment advice/services to Plaintiffs. Certain investments made by Plaintiffs through Comerica are effectuated through Pershing, which is affiliated with BNY Mellon. Pershing has been entrusted with the safekeeping, control and custody of Plaintiffs' assets. The value of these assets is in excess of $600,000.00.

15. On or about July 14, 2017, the Department of the Treasury – Internal Revenue Service issued a Notice of Levy ("Notice") to Pershing LLC, Attn. Tax Department, One Pershing Plaza, Jersey City, New Jersey. A true and correct copy of the Notice is attached as Exhibit 2 ("Ex. 2").

16.     The Notice bears two identifying numbers. The first is the Taxpayer Identification Number ("TIN") for the Estate, to wit: XXX-XX-XX6V.[1] The second taxpayer identification number is the personal TIN of Kevin Adell.

17.     As a result of receiving the Notice of Levy from the Department of the Treasury – Internal Revenue Service, Pershing sent Kevin Adell a letter dated July 19, 2017, in which it admonished Kevin Adell that he "advise [Comerica], within 21 calendar days from the date of this letter, on or before August 8, 2017, how you intend to satisfy your obligation from the assets in the account. If you fail to do so Pershing may be required to satisfy the amount of the Notice of Levy by liquidating the assets in your account." A true and correct copy of the letter to Kevin Adell from Pershing, with referenced attachment, dated July 19, 2017 is attached as Exhibit 3 ("Ex. 3").

18.     On July 25, 2017, Steven S. Brown, an attorney representing Kevin Adell, spoke to a person at Comerica who identified herself as Galina Gornaya ("Ms. Gornaya"). Mr. Brown informed Ms. Gornaya that, although Kevin Adell's personal TIN appeared on the Notice of Levy, Kevin Adell was not the taxpayer who owed the tax, and his assets should not be surrendered to satisfy the debt owed by the Estate. Ms. Gornaya responded that, because Kevin Adell's personal TIN appears on the Notice of Levy, Comerica took the position that the funds at Pershing should be turned over to the IRS. She also stated that Comerica would refrain from doing so if IRS Revenue Officer Shanks, whose name appears on the Notice of Levy, would advise Comerica that the levy does not affect Kevin Adell's personal assets.

19.     Steven Brown called Revenue Officer D. Shanks, whose name appears on the Notice of Levy, four times on behalf of Kevin Adell and Joelle Adell. He left four voice mail

---

[1] The complete Taxpayer Identification Number exists on the Notice, but has been redacted in this Complaint for privacy purposes, as has the Taxpayer Identification Number of Kevin R. Adell.

messages for Ms. Shanks. In each message Mr. Brown explained that the Notices of Levy[2] were sent in error because they contained information that required satisfaction of the Notice of Levy for a tax owed by the Estate from the personal assets of Kevin Adell and Joelle Adell. Mr. Brown received no response from Ms. Shanks  Declarant faxed a letter to D. Shanks on July 31, 2017. A true and correct copy of the letter is attached as Exhibit 4 ("Ex. 4").

20. On August 1, 2017, Mr. Brown filed IRS Form 911, Taxpayer Request for Assistance, with the IRS. A true and correct copy of the Form 911 is attached as Exhibit 5 ("Ex. 5").

21. Having received no communication from D. Shanks or in response to Form 911, on August 2, 2017, Steven Brown physically went to the IRS Taxpayer Advocate's office at 230 South Dearborn Street, Chicago, Illinois. While at the IRS office, Mr. Brown was given the name of Revenue Officer Shanks's manager, Mr. Chris Rothweiler, who is located in St. Louis, Missouri. Mr. Brown called the telephone number of Mr. Rothweiler and left a voicemail message for him. Mr. Rothweiler did not return the call. Mr. Brown faxed and mailed a letter to Mr. Rothweiler on August 2, 2017. A true and correct copy of the letter sent to Mr. Rothweiler is attached hereto as Exhibit 6 ("Ex. 6"). Mr. Brown received no response.

22. None of the assets held by Pershing are assets of the Estate of Franklin Z. Adell. The IRS has never contended that the assets of Plaintiffs at Pershing are property of the Estate.

23. The account against which the levy is being satisfied has always been held in joint tenancy by Plaintiffs and have never been titled in the name of, or held for the benefit of, the Estate.

---

[2] A Notice of Levy was also served on Huntington Bank in Florida. As venue in a wrongful levy action is limited to the judicial district where the property is situated, that Notice of Levy  is not before this Court.

24. Plaintiffs have no remedy against Pershing for complying with the Notice by liquidating assets owned by Plaintiffs and surrendering them to the IRS, as the United States Court of Appeals for the Third Circuit has held that an institution that complies with a Notice of Levy is immune from suit. *Brunwasser v. Black*, 474 Fed. Appx. 859, 860 (3d Cir. 2012) (citing 26 U.S.C. § 6332).

25. On and before July 14, 2017, there existed a certain statute, to wit: 26 U.S.C. § 7426, which, in relevant part, states as follows:

> § 7426. Civil actions by persons other than taxpayers
>
> (a) Actions permitted.—
>
> (1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
>
> (b) Adjudication.--The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
>
> (1) Injunction.--If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.
>
> (2) Recovery of property.--If the court determines that such property has been wrongfully levied upon, the court may--
>
>> (A) order the return of specific property if the United States is in possession of such property;
>>
>> (B) grant a judgment for the amount of money levied upon; or
>>
>> (C) if such property was sold, grant a judgment for an amount not exceeding the greater of--

> > (i) the amount received by the United States from the sale of such property, or
>
> > (ii) the fair market value of such property immediately before the levy.
>
> \* \* \*
>
> (f)  Provision inapplicable.—The provisions of section 7422(a) (relating to prohibition of suit prior to filing claim for refund) shall not apply to actions under this section.
>
> \* \* \*
>
> (h)  Recovery of damages permitted in certain cases. –
>
> (1) In general.—Notwithstanding subsection (b), if, in any action brought under this section, there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision of this title the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of –
>
> > (A) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional negligent disregard of any provision of this title by the officer or employee (reduced by any amount of such damages awarded under subsection (b)); and
>
> > (B) the costs of the action.

26. The IRS was negligent in its preparation of the Notice to Pershing in that it was foreseeable that the inclusion of Kevin Adell's personal TIN on the Notice would cause Pershing to reasonably conclude that Kevin Adell's personal assets should be used to satisfy the levy.

27. The IRS was aware that the tax liability was unrelated to personal income taxes. The Notice references estate taxes (Form 706) and gift taxes (Form 709), not income taxes (Form 1040). Estate taxes and gift taxes have been assessed against the Estate only, and not Kevin Adell individually. Therefore there was no basis in law to levy against the personal property of

7

Kevin Adell. The authority of the IRS to collect tax by levy is limited to the property against whom the tax has been assessed. 26 C.F.R. 301.6331-1 (levy and distraint).

28. Though the IRS has been notified of the wrongful consequences of its conduct, it has recklessly or intentionally failed to take action to remedy the defective Notice. Pershing has stated it will begin liquidating them on August 8, 2017.

29. Plaintiffs have suffered legal injury by reason of the conduct of the IRS, and will continue to suffer additional injury, unless the IRS is restrained and enjoined from its unlawful conduct.

30. Plaintiffs have no adequate remedy at law and will suffer irreparable injury unless the Court grants the interlocutory injunctive relief sought. A levy is wrongful if: (1) it's placed on property exempt under section 6334; (2) it wasn't placed on property in which the delinquent taxpayer had an interest; (3) it's invalid under sections 6323 or 6324(a)(2) or (b); or (4) the plaintiff's interest in the property is senior to the federal lien and will be destroyed by the levy. 26 C.F.R. § 301.7426-1(b). A levy is also wrongful if the levy or a sale pursuant to levy "will or does effectively destroy or otherwise irreparably injure such person's interest in the property which is senior to the Federal tax lien." There can be no doubt that if Pershing liquidates Plaintffs' property to satisfy the Notice issued by the IRS that doing so would vitiate Plaintiffs' interest in its property. If the levy is allowed to be enforced, it would be impossible to restore Plaintiffs' property interest in specific investments.

31. Unless restrained by this Court, the United States will cause immediate and irreparable injury to Plaintiffs.

32. Plaintiffs have demonstrated a likelihood of success on the merits of this action.

216059371.1 52628/192809

33. Plaintiffs' reputation and business relations with Comerica and Pershing will be irreparably harmed as the levy will stain the Plaintiffs as tax avoiders. Money damages cannot provide an adequate remedy for the harm that will be visited on the Plaintiffs' reputation and business interests.

34. The hardship to the defendant is minimal if the United States is restrained and enjoined from levying against the Plaintiffs. Assuming, *arguendo*, that the United States could prevail, it would mean only that it would suffer a slight delay in the collection of the tax. The property will remain at Pershing until such time as the Court enters a final disposition of Plaintiffs' claims. If the Court denies the Plaintiffs' application for interlocutory relief, the Plaintiffs will suffer a permanent dispossession of their property without due process of law and will suffer violations of their constitutional and statutory rights, and permit harm to their personal reputations and business relationships.

35. Granting the Plaintiffs' application for interlocutory relief will serve the public interest by requiring the IRS to comport itself within the bounds of the statute that allows it to levy only property of a taxpayer against whom an assessment has been made.

## CONCLUSION

WHEREFORE, Plaintiffs Kevin R. Adell and Joelle Adell respectfully request that this Court grant the following relief:

(1) An Order to Show Cause Why a Preliminary Injunction Should Not Issue With Temporary Restraints;

(2) A Temporary Restraining Order and Preliminary Injunction restraining and enjoining the United States from enforcing its Notice of Levy to Pershing LLC, or from accepting the proceeds of the sale of Plaintiffs' property from Pershing LLC.

216059371.1 52628/192809

(3) A Permanent Injunction enjoining and restraining the United States from enforcing its Notice of Levy to Pershing LLC, or from accepting the proceeds of the sale of Plaintiffs' property from Pershing LLC.

(4) Damages in an amount yet to be fully determined, as provided by statute.

(5) Plaintiffs' costs of action as provided by statute.

(6) Such other legal and equitable relief that this Court deems equitable and just.

Respectfully submitted,

KEVIN R. ADELL AND JOELLE ADELL

By: /s/ Steven M. Richman
One of Their Attorneys

Steven M. Richman
CLARK HILL PLC
210 Carnegie Center, Suite 102
Princeton, New Jersey 08540
Phone: (609) 785-2911
Fax: (609) 785-2999

216059371.1 52628/192809

## DECLARATION OF JOELLE ADELL

Joelle Adell, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  She is over the age of twenty-one, and competent to make this Declaration.

2.  She has read the foregoing Verified Complaint. She has personal knowledge of the facts contained in paragraphs 2, 3, 4, 5, 6, 10, 13, 14, 16, 17, 22, 23, 29, 30.

3.  The allegations contained in the foregoing are true in substance and in fact.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2017.

_____
Joelle Adell

## DECLARATION OF KEVIN R. ADELL

Kevin R. Adell, pursuant to 28 U.S.C. § 1746, declares as follows:

1. He is over the age of twenty-one, and competent to make this Declaration.

2. He has read the foregoing Verified Complaint. He has personal knowledge of the facts contained in paragraphs 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, 16, 17, 22, 23, 29, 30.

3. The allegations contained in the foregoing are true in substance and in fact.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2017.

_____
Kevin R. Adell

## DECLARATION OF STEVEN S. BROWN

Steven S. Brown, pursuant to 28 U.S.C. § 1746, declares as follows:

1. He is over the age of twenty-one, and competent to make this Declaration.

2. He has read the foregoing Verified Complaint. He has personal knowledge of the facts contained in paragraphs 5, 10, 11, 12, 16, 18, 19, 20, 21, 27, 28.

3. The allegations contained in the foregoing are true in substance and in fact.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2017 in Chicago, Illinois.

_____
Steven S. Brown